UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Robert S., | Case No. 2:23-cv-01713-DJA |
| Plaintiff, | |
| v. | Order |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Robert S.'s motion for leave to proceed *in forma pauperis*. (ECF No. 1). Because the Court finds that Plaintiff has demonstrated an inability to prepay fees and costs or give security for them, it grants the application. However, the Court finds that Plaintiff's complaint has not met the basic requirements to satisfy screening and thus dismisses the complaint without prejudice. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Discussion.**

*A.     The Court grants Plaintiff's **in forma pauperis** application.*

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Plaintiff explains that his expenses exceed his income and that he dips into his savings to keep up with bills. The Court thus finds that Plaintiff is unable to pay an initial partial filing fee and grants the application to proceed *in forma pauperis*.

*B.     Plaintiff's complaint does not pass the Court's screening.*

Plaintiff's complaint does not meet the basic requirements to pass screening because, while Plaintiff claims to live in the jurisdictional boundaries of this Court, his complaint states that he lives in Hesperia, California. When a plaintiff seeks leave to file a civil case *in forma*

*pauperis*, the court will screen the complaint. *See* 28 U.S.C. § 1915(e). For social security appeals, judges in this district consider four requirements for complaints to satisfy screening. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases). *See id.* First, the complaint must establish that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the application within 60 days after notice of the Social Security Commissioner's final decision. *See id.* Second, the complaint must indicate the judicial district in which the plaintiff resides. *See id.* Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. *See id.* Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See id.*

Here, Plaintiff's complaint does not satisfy all four requirements because Plaintiff claims to live in the jurisdictional boundaries of this Court. However, his complaint also asserts that he lives in Hesperia, California. Because Plaintiff's complaint contains inconsistent information, it does not satisfy screening.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pay the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file the complaint (ECF No. 1-1) but shall not issue summons.

///

///

///

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed without prejudice and with leave to amend.** Plaintiff shall have until **November 23, 2023** to file an amended complaint to the extent he believes he can cure the noted deficiencies.

DATED: October 24, 2023.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE