**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Robert S., | Case No. 2:23-cv-01713-DJA |
| Plaintiff, | |
| v. | **Order** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Robert S.' amended complaint. (ECF No. 4). The Court finds that Plaintiff's amended complaint has met the basic requirements to satisfy screening. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.   Discussion.**

Plaintiff's amended complaint meets the basic requirements to pass screening. When a plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint. *See* 28 U.S.C. § 1915(e). For social security appeals, judges in this district consider four requirements for complaints to satisfy screening. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, \*2 (D. Nev. Jan. 26, 2015) (collecting cases). *See id.* First, the complaint must establish that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the application within 60 days after notice of the Social Security Commissioner's final decision. *See id.* Second, the complaint must indicate the judicial district in which the plaintiff resides. *See id.* Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. *See id.* Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See id.*

Here, Plaintiff's amended complaint satisfies all four requirements.  First, the amended complaint asserts that Plaintiff has properly sought review under 42 U.S.C. § 405(g) because he applied for a period of disability and disability insurance benefits, which applications the Commissioner denied initially and upon reconsideration.  An administrative law judge (ALJ) issued a decision denying Plaintiff's claim for benefits on April 5, 2023.  The Appeals Council denied Plaintiff's request for review on August 24, 2023, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed an *in forma pauperis* application less than 60 days later.  Second, Plaintiff claims to live in the jurisdictional boundaries of this Court.  Third, the amended complaint outlines the nature of Plaintiff's disabilities, and the date Plaintiff became disabled.  Fourth, the amended complaint concisely states Plaintiff's disagreement with the Social Security Administration's determination.  Because Plaintiff's amended complaint meets each of these requirements, it satisfies screening.

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (ECF No. 4) shall proceed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to provide notice of this action to the Commissioner pursuant to Rule 3 of the Supplemental Rules for Social Security.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the Defendant or counsel for the Defendant.  The Court may disregard any paper received by a judge which has not been filed with the clerk, and any paper received by a judge or the clerk which fails to include a certificate of service.

DATED: January 23, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE